# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BROWN COUNTY WATER UTILITY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-02134-TWP-TAB |
| ) | |
| TOWN OF NASHVILLE, INDIANA, ) | |
| NANCY CROCKER, JANE GORE, ) | |
| ALISHA GREDY, ANNA HOFSTETTER, ) | |
| and DAVE RUDD, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON MOTIONS *IN LIMINE*

This matter is before the Court on Motions *in Limine* filed by Plaintiff Brown County Water Utility, Inc. ("Brown County Water") ([Filing No. 92](#)) and Defendants Town of Nashville, Indiana ("Nashville") and Jane Gore, Alisha Gredy, Nancy Crocker, Anna Hofstetter, and Dave Rudd, in their official capacities as Nashville Town Council Members (collectively, the "Defendants") ([Filing No. 89](#)). Brown County Water initiated this litigation claiming federally-protected water service rights under 7 U.S.C. § 1926(b) and a related claim for civil rights violations under 42 U.S.C. § 1983. The Defendants respond that Brown County Water is encroaching on their water service rights. Following cross-motions for summary judgment, this case is now set for a jury trial on Brown County Water's claims. For the following reasons, Brown County Water's Motion *in Limine* is **granted in part and denied in part**, and the Defendants' Motion *in Limine* also is **granted in part and denied in part**.

### I. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The

court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context . *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

Brown County Water and the Defendants each filed a Motion *in Limine*, asking the Court to make pretrial determinations regarding the admissibility of particular evidence or argument. The Court will address each Motion in turn.

### A. Brown County Water's Motion *in Limine*

#### 1. Brown County Water's capacity to provide fire suppression services

Brown County Water seeks to exclude any evidence or argument concerning its capacity to provide fire suppression services to the Big Woods Property ("Big Woods") or the costs thereof. Brown County Water anticipates the Defendants will attempt to introduce this evidence in support of its argument that Brown County Water did not make services available to Big Woods. Brown County Water argues such evidence is not relevant for any purpose in this lawsuit because 7 U.S.C. § 1926 does not require a water district to provide fire suppression services to be entitled to protection from municipal encroachment under § 1926(b).

The claim to be presented at trial concerns whether Brown County Water has adequate "pipes in the ground" to serve Big Woods, and a water utility's capacity to provide fire suppression services has no bearing on whether it "has sufficient 'pipes in the ground' to make service

available." *Rural Water Dist. No. 4, Douglas Cty., Kan. v. City of Eudora, Kan.*, 659 F.3d 969, 982 (10th Cir. 2011). Brown County Water asserts that its ability to provide fire suppression services is simply "not a factor the court should analyze in determining whether [Brown County Water] has made service available," *id.*, and thus, any evidence relating to fire suppression services is irrelevant and should be excluded.

Furthermore, Brown County Water asserts that it does not provide fire suppression services to any of its customers, so fire suppression services and the costs thereof are irrelevant to whether water services have been made available. Thus, the cost of obtaining fire suppression services from a source other than Brown County Water is irrelevant to whether it made services available and is entitled to protection under § 1926(b). Additionally, fire suppression evidence could mislead or confuse the jury, leading the jury to mistakenly believe Big Woods would be left without fire suppression services entirely if it rules in favor of Brown County Water and leading the jury to decide the case on an improper basis, such as an emotional one.

The Defendants respond that Brown County Water's expert witness opined that Brown County Water could provide water to customers for fire suppression needs up to 200 gpm, which would be available for Big Woods to incorporate into its overall fire suppression system. The Defendants' expert witness countered that Brown County Water's water system did not provide necessary water flow to support Big Woods' fire suppression system. The Defendants' expert opined that Big Woods would need to construct a new water line and alter its fire suppression system, at the cost of hundreds of thousands of dollars, to connect to Brown County Water. The Defendants assert that Brown County Water's expert should not be permitted to testify that Brown County Water can make water available to support a fire suppression system and then not permit the Defendants' expert to challenge that testimony. The Defendants assert, the deadline to limit

3

or exclude expert testimony has long since expired, and Brown County Water did not seek to limit or exclude this expert testimony before the deadline, so it should not be permitted to circumvent the deadline through its Motion *in Limine*.

Finally, Defendants argue that fire suppression is relevant in this case because the regulations implementing § 1926 explain fire protection should be provided when practicable: "Fire protection. Water facilities should have sufficient capacity to provide reasonable fire protection to the extent practicable." 7 C.F.R. § 1780.57(d). Thus, it is "practicable" for fire protection to be provided to Big Woods because Nashville actually provides it. The excessive cost for Big Woods to alter its fire suppression system to receive service from Brown County Water is relevant as a customer connection cost, *see Rural Water Dist. No. 1 v. City of Wilson, Kan.*, 243 F.3d 1263, 1271 (10th Cir. 2001), especially because Big Woods already receives enough water from Nashville for fire protection. Because Brown County Water seeks an equitable permanent injunction, considerations of hardship and public interest are relevant, and fire suppression is in the public interest.

At this stage, the Court is unable to the conclude that this evidence clearly is not admissible for any purpose. *See Hawthorne*, 831 F. Supp. at 1400. Brown County Water has not met the "exacting standard" to exclude this evidence *in limine*, so evidentiary rulings concerning the provision of fire suppression must be deferred until trial so questions of relevancy and prejudice may be resolved in context. Therefore, this request is **denied**.

2. **The definition of service area in 7 C.F.R. § 1780.3, including any reference to any variation of the phrase "area reasonably expected to be served"**

Brown County Water seeks to exclude any evidence or argument about the definition of "service area" found at 7 C.F.R. § 1780.3 for the argument that Big Woods is in Nashville's "service area." Section 1780.3 defines "service area" as "the area reasonably expected to be served

4

by the project." 7 C.F.R. § 1780.3. Brown County Water argues that this definition is irrelevant to the issue of whether it is entitled to protection under 7 U.S.C. § 1926 because Section 1780.3's definition is part of the regulations that implement "the policies and procedures for making and processing direct loans and grants for water and waste projects." 7 C.F.R. § 1780.1. The definition does not relate to establishing a rural water utility's rights under § 1926(b). *See Green Valley Special Util. Dist. v. City of Cibolo*, 2016 U.S. Dist. LEXIS 95373, at *7 n.2 (W.D. Tex. July 20, 2016).

Additionally, Brown County Water asserts that any reliance on the definition of "service area" in § 1780.3 to argue that Big Woods is within Nashville's service area is improper and irrelevant because Brown County Water's entitlement to protection from Nashville's encroachment under § 1926(b) depends on whether Brown County Water has made services available to the property. Whether Nashville also could provide services to Big Woods is irrelevant because the question is simply whether Brown County Water made services available to Big Woods.

In response, the Defendants argue Section 1926(b) prohibits a municipality from "curtail[ing] or limit[ing]" "the area served" by a federally-indebted utility, and the Seventh Circuit concluded that § 1926(b) prohibits "municipal encroachment on a rural water association's service area." *Jennings Water, Inc. v. City of N. Vernon, Ind.*, 895 F.2d 311, 314 (7th Cir. 1989). The Defendants assert the regulation implementing § 1926(b) makes clear that it only protects a federally-indebted utility's "service area." Brown County Water filed its Complaint to protect its "service area" and sought a preliminary injunction to protect its "service area." The "service area" is relevant to this action. And the Defendants argue, the federal regulations define the term "service area" as "the area reasonably expected to be served by the project." 7 C.F.R. § 1780.3.

5

The Defendants assert that Big Woods is within the area reasonably expected to be served by Nashville, and "[m]otions in limine are not meant to exclude evidence merely because it is unfavorable to BCWU." (Filing No. 101 at 11.)

Concerning the definition's relationship to the regulation concerning "making and processing direct loans," the Defendants argue that in 1977, the federal government loaned money to Nashville to build the water main directly in front of what would become the Big Woods property. Brown County Water also was federally indebted in 1977, so to the extent there was any incursion into a service area, that would have occurred in 1977. And in June 2016, the federal government committed to lending money to Nashville for an additional project to service the area including the Big Woods property. Thus, the Defendants argue, the definition's application to the regulation concerning "making and processing direct loans" does not help Brown County Water's position. The Defendants assert that service area is critical in this case, which is why Brown County Water alleged in its Complaint that the Big Woods property was within Brown County Water's service area. "The federal regulations implementing § 1926 define service area. 7 C.F.R. § 1780.3. This definition is highly relevant to this proceeding. And the evidence will show that under that definition, the Property is in Nashville's service area. This evidence is not unfair or misleading; it simply doesn't favor BCWU." (Filing No. 101 at 16.)

As with Brown County Water's first request, the Court cannot opine that this evidence clearly is not admissible for any purpose. Therefore, evidence or argument about the definition of "service area" found at 7 C.F.R. § 1780.3 will not be excluded before trial, and this request is **denied**.

> **3. Customer preference**
>
> Brown County Water anticipates that the Town will attempt to introduce evidence or argument relating to Big Woods's alleged preference to have the Town serve as its water utility. Because Brown County Water's entitlement to protection under 7 U.S.C. § 1926(b) does not in any way depend on a customer's preference for water service provider, evidence relating to customer preference is wholly irrelevant to whether Brown County Water has made services available to the property, and this Court should exclude it.

([Filing No. 93 at 11](#)–12.)

A customer's preference for one utility provider over another has no bearing on whether a utility provider has sufficient pipes in the ground to make service available, and under § 1926(b), Big Woods' preference for Nashville to provide water service is not "of consequence in determining the action." Fed. R. Evid. 401(b). Brown County Water asserts that the language of § 1926(b) does not provide for the exclusive service area of Brown County Water to be superseded because a customer prefers another provider. Customer's preference is irrelevant and should be excluded. Furthermore, this evidence would be unfairly prejudicial as it could mislead and confuse the jury and induce them to decide the case on the improper basis of simply honoring the desires of a non-party.

The Defendants respond that Brown County Water has presented as a central theme to its case the long-term relationship between Nashville and Big Woods, and it has painted a picture that the relationship is nefarious and they have colluded to usurp Brown County Water's federally-protected water rights. Brown County Water has designated emails and other documents on its Exhibits List that relate to this relationship between Nashville and Big Woods as well as made assertions about the relationship in its trial brief. Yet, Brown County Water seeks to prohibit the Defendants from presenting evidence about that relationship, including Big Woods' preference to continue with Nashville as its water service provider. The Defendants argue, "BCWU cannot try

7

to paint Nashville's relationship with Big Woods in a nefarious light and then preclude Nashville from offering its own evidence and testimony about that relationship. . . . BCWU cannot open the door to Nashville's relationship with Big Woods and then preclude Nashville from responding." ([Filing No. 101 at 17](Filing No. 101 at 17), 18.)

The Defendants additionally argue that Big Woods' preference is relevant because the federal regulations implementing § 1926 provide that federally funded "facilities will be installed so as to serve any potential user within the service area who desires service and can be feasibly and legally served." 7 C.F.R. § 1780.11(a). And in this case, Big Woods desires service from the federally-funded water main in Nashville's service area.

At this pretrial stage, the Court is unable to the conclude that this evidence clearly is not admissible for any purpose. Brown County Water has not met its burden to exclude this evidence *in limine*, so evidentiary rulings concerning Big Woods' preference must be deferred until trial so questions of relevancy and prejudice may be resolved in context. This request is **denied**.

### 4. Indiana Utility Regulatory Commission proceedings that Nashville has an exclusive right to serve Big Woods

Next, Brown County Water requests the exclusion of evidence and argument that shows Nashville has rights under Indiana state law to service the Big Woods property. Nashville filed an Indiana Utility Regulatory Commission ("IURC") proceeding in which it sought and obtained approval of a town ordinance establishing the Big Woods property as part of Nashville's service area under state law. Brown County Water asserts, "While some of the factual information that the IURC considered, including that submitted by the Town, may be relevant at trial, the IURC's conclusion is not." ([Filing No. 93 at 13](Filing No. 93 at 13).) Brown County Water argues that the Defendants may attempt to use evidence from the IURC proceedings to establish that Nashville has the exclusive right to serve Big Woods under state law, and this evidence may include "the testimony of Carl N.

Seals (Dkt. 33-3) and an IURC order approving the Town's water service area (Dkt. 58-5)." *Id.* at 14. "Because Brown County Water's rights under § 1926(b) preempt any contrary rights of the Town under state law, such evidence relating to those rights is irrelevant to Brown County Water's rights under § 1926(b) and should be excluded." *Id.* "Section 1926(b) prohibits the Town from doing exactly what it did here. *See, e.g.*, *Jennings Water, Inc. v. City of N. Vernon, Ind.*, 895 F.2d 311, 314 (7th Cir. 1989) (stating that § 1926(b) 'explicitly prohibits municipal encroachment on a rural water association's service area by means of annexation')." *Id.* at 15 n.3.

The Defendants respond that Brown County Water's attempt to exclude evidence on the basis that Nashville annexed the Big Woods property so that Nashville could service the area is improper because it is an inaccurate statement of Indiana law. Nashville did not need to annex the property to be able to provide water service to it.

> Under Indiana law, Nashville may "furnish[] water to the public," Ind. Code § 36-9-2-14, in an area "within four (4) miles *outside* its corporate boundaries," Ind. Code § 36-9-2-18 (emphasis added). Nashville did not need to annex the property to serve Big Woods, and Nashville did not need to have the IURC establish an exclusive water service area, under state law, to serve Big Woods.

(Filing No. 101 at 24) (emphasis in original).

Brown County Water's request concerning the IURC proceedings is **granted in part and denied in part**. To the extent that either party attempts to present evidence or argument that Nashville needed to annex the Big Woods property or needed to establish an exclusive water territory in order to serve Big Woods, that evidence and argument is excluded because it is an inaccurate statement of the law. The parties may, however, present evidence of the fact that Nashville annexed the Big Woods property. During trial, if Brown County Water believes it is necessary to present argument concerning federal preemption, it may choose to do so. Concerning the specific evidence addressed by Brown County Water, the Defendants did not list Carl N. Seals

9

on their Witness List, and the Defendants did not list the "testimony of Carl N. Seals (Dkt. 33-3) and an IURC order approving the Town's water service area (Dkt. 58-5)" on their Exhibits List. Therefore, Mr. Seals may not testify at trial, and the exhibits at (Dkt. 33-3) and (Dkt. 58-5) may not be presented at trial.

5. **March 2019 rate case petition and petition to intervene pending before the Indiana Utility Regulatory Commission**

Next, Brown County Water seeks to exclude evidence and argument concerning its March 2019 verified petition to the IURC to increase rates and charges for water service to Nashville as well as Nashville's petition to intervene. Brown County Water asserts that any such evidence or argument is irrelevant to the § 1926(b) analysis and would be unfairly prejudicial. The IURC petition stems from Brown County Water's current rates and charges for water utility service being insufficient to pay its reasonable and necessary expenses of operation, debt service, and other expenses. Nashville intervened to oppose the requested rate increase and also asked to decrease its residential rates. Brown County Water asserts that the rate petition and Nashville's petition to intervene are irrelevant to the claims at trial. Brown County Water also argues that this evidence would be unfairly prejudicial and would likely lead the jury to decide the case on an improper basis, that is, based on an increase in utility costs. This evidence would be a waste of time, confuse or mislead the jury, and necessitate a "mini-trial" about reasonable rates within the trial.

The Defendants respond,

> In summary judgment briefing, BCWU argued that it can "provide water service to Big Woods at rates lower than the Town's." (Dkt. 64 p.9.) But in the Motion In Limine BCWU argues that its "current rates and charges for water utility service [are] insufficient to pay its reasonable and necessary expenses." (Dkt. 93 p.17.) That is, BCWU represented to this Court that it had lower rates, but it now argues that those rates were too low and it seeks to raise them, including for commercial users (such as Big Woods, if Big Woods directly took water from BCWU). Once again, BCWU cannot tell a partial story, while precluding Nashville from

10

responding that BCWU is seeking to raise its rates. *Touloumis*, 771 F.2d at 241. BCWU's rates and the adequacy of its service are central issues in this case.

(Filing No. 101 at 25.)

The Court agrees with Brown County Water that any minimal relevance regarding the parties' IURC petition and petition to intervene is outweighed by the potential to mislead and confuse the jury and the potential to cause the jury to decide the case on an improper basis. Additionally, such evidence has a high likelihood of creating a "mini-trial" within the trial and needlessly delaying the trial. Therefore, the Court **grants** Brown County Water's request to exclude evidence of the 2019 IURC rate petition and petition to intervene.

### 6. Interruption of relationship and/or provision of water to Big Woods

Brown County Water next argues,

> Evidence about the possible interruption of water service to the Property during Brown County Water's installation of pipes and the existing business relationship between the Town and Big Woods is wholly irrelevant to the question whether Brown County Water has adequate "pipes in the ground" to serve the Property, this Court should exclude such evidence.
>
> While the Town might argue this possible interruption in service while Brown County Water installs its pipeline shows that Brown County water could not "service that area within a reasonable time," *Santa La Hill*, 2008 WL 140808 at *5, the evidence is overwhelming that any delay or interruption is solely the fault of the Town and Big Woods. Big Woods and the Town have known from the beginning that the Town providing water to Big Woods violated Brown County Water's riparian rights under § 1926(b).

(Filing No. 93 at 20.) Brown County Water asserts, "The Town mentions concerns that Big Woods has regarding interruption of service harming their business. (Dkt. 58 at 16.) The evidence at trial will be that Brown County Water will ensure that any installation is handled to minimize any such impact on service to the Property." *Id.* at 20 n.4. Brown County Water argues this evidence has the potential to unfairly prejudice or mislead the jury.

The Defendants respond,

> BCWU seems to conflate service interruptions due to BCWU's inadequate service with an interruption in service if Big Woods was ordered to disconnect from Nashville. (Dkt. 93 pp.20-21.) Nashville intends to introduce evidence through its expert that BCWU's service is inadequate for Big Woods' particular use because it could leave BCWU without service for days or weeks, which was a central opinion in Nashville's expert's report, and this evidence is highly relevant to whether BCWU has made service available to Big Woods under § 1926(b).

(Filing No. 101 at 8.)

As Brown County Water argued and acknowledged, "[t]he evidence at trial will be that Brown County Water will ensure that any installation is handled to minimize any such impact on service to the Property." (Filing No. 93 at 20 n.4.) Both parties should be permitted to present evidence regarding water service or the lack thereof. The evidence concerning an interruption in the relationship between Nashville and Big Woods is a distinct issue, but as explained above in the section concerning customer preferences, at this pretrial stage, the Court is unable to the conclude that this evidence clearly is not admissible for any purpose. Brown County Water has not met its burden to exclude this evidence *in limine*, so these evidentiary rulings must be deferred until trial so questions of relevancy and prejudice may be resolved in context. This request is **denied**.

7. **Nashville's current and historical federal indebtedness**

Brown County Water seeks to exclude evidence and argument concerning Nashville's current and historical federal indebtedness because any such evidence is irrelevant under § 1926(b), and any probative value is substantially outweighed by the danger of confusing the issues, misleading the jury, and needlessly extending the trial. Brown County Water argues that the Defendants' evidence—the existence of a 1977 USDA loan used to build the six-inch water main pipe now serving Big Woods and the existence of Nashville's 2016 USDA loan application for an automated water-meter reading system and the related USDA letter of conditions committing to

lend Nashville $1.22 million—is irrelevant to this case. The question concerns currently indebted water associations that are being encroached upon. Nashville's past and future debts are not relevant to the issues for trial.

In response, the Defendants explain that Nashville's federal indebtedness is relevant to the issues about service area, customer preference, and fire suppression. They additionally argue that Nashville's federal debt relates to curtailment or limitation of Brown County Water's service area. The Defendants argue that Nashville obtained a federal loan in 1977 to install the six-inch water main directly in front of the property that is now the Big Woods property. At that time, Brown County Water also was federally indebted and was serving a residential customer north of the property. Even though Brown County Water was federally indebted, the federal government still gave a loan to Nashville to install the six-inch water main at the property. These facts "make it less probable" that Nashville curtailed or limited Brown County Water's service area, and thus, this evidence is relevant and admissible.

The request to exclude this evidence is **denied** because Brown County Water has not met the "exacting standard" to show that the evidence clearly is not admissible for any purpose. These evidentiary rulings must be deferred until trial so questions of relevancy and prejudice may be resolved in context.

### 8. Economic consequences of Nashville losing service to Big Woods

Next, Brown County Water asserts evidence and argument regarding any economic impact on Big Woods and Nashville if Brown County Water becomes the servicer would be unfairly prejudicial because these economic consequences are self-inflicted. Big Woods knew Nashville was violating Brown County Water's rights when Nashville began servicing the Big Woods property. That Big Woods would incur hundreds of thousands of dollars to switch its water service

provider and that Nashville's current federal loan might be jeopardized if Brown County Water takes over water service are problems of their own making, and this evidence could unfairly induce the jury to decide the case on an improper basis.

For the reasons explained above in the sections concerning fire suppression, customer preferences, interruption of services, and Nashville's federal indebtedness, at this pretrial stage, the Court is unable to the conclude that this evidence clearly is not admissible for any purpose. Questions of relevancy and prejudice about this evidence need to be resolved in context during trial. Therefore, this request is **denied**.

### 9. Settlement discussions

Finally, Brown County Water seeks to exclude any evidence or argument concerning settlement discussions pursuant to Federal Rule of Evidence 408. The Defendants respond that "Nashville does not intend to introduce evidence from settlement discussions, and Nashville agrees that neither party should be permitted to introduce evidence from settlement discussions." ([Filing No. 101 at 25](#) n.2.) The Court **grants** the request to exclude evidence and argument about any settlement discussions as such exclusion is proper under Rule 408.

### B. Defendants' Motion *in Limine*

The Defendants ask the Court to exclude any argument that,

> Nashville needed to annex Big Woods' Property or needed to establish an exclusive water territory to serve Big Woods. While informing the jury of the fact that Nashville voluntarily annexed this area is accurate and appropriate, any statement that "but for" this annexation Nashville could not serve Big Woods is a misstatement of Indiana law.

([Filing No. 89 at 4](#).)

Brown County Water responds that it "does not object to exclusion of testimony or argument that the Town was 'required' to annex Big Woods's Property under Indiana law to serve

it water." (Filing No. 105 at 1.) Brown County Water also "agrees with Defendants' statement that informing the jury of the fact that Nashville voluntarily annexed the area is accurate and appropriate under the § 1926(b) analysis." *Id.*

Because the parties agree on this issue, and their position is in accord with Indiana law regarding annexation, the Court **grants** the Defendants' request to exclude any argument that Nashville needed to annex the Big Woods property or needed to establish an exclusive water territory in order to serve Big Woods. However, the parties may present evidence of the fact that Nashville voluntarily annexed the Big Woods property.

Next, the Defendants explain that "on October 15, 2018, Nashville timely filed an Objection to Undisclosed Expert Opinion. (Dkt. 67.) That motion is fully briefed. (Dkt. 69, 75.) Nashville respectfully requests that this Court grant Nashville's Objection to Undisclosed Expert Opinion, and prohibit BCWU's expert from testifying regarding an undisclosed opinion." (Filing No. 89 at 4.) Brown County Water objects to this request "for the same three reasons set forth in Plaintiff's Response to Objection to Expert Opinion. (Dkt. 69)." (Filing No. 105 at 2.)

The Court previously resolved this issue in its Entry on Cross-Motions for Summary Judgment, concluding that "Young's rebuttal declaration is not an untimely, undisclosed new expert opinion. Rather, it is a permissible rebuttal opinion that responds to the Defendants' expert opinion . . . . Therefore, the Court determines that exclusion of Young's rebuttal declaration is not warranted." (Filing No. 113 at 9.) Because the Court already has ruled on this issue, the Defendants' request regarding "undisclosed expert opinion" is **denied as moot**.

### III. CONCLUSION

For the reasons stated below, the Court **GRANTS in part and DENIES in part** the parties' Motions *in Limine* (Filing No. 89; Filing No. 92).

An order *in limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may approach the bench and request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 10/7/2019

*/s/ Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bradley M. Dick
BOSE MCKINNEY & EVANS, LLP
bdick@boselaw.com

Jonathan W. Hughes
BOSE MCKINNEY & EVANS, LLP
jhughes@boselaw.com

J. Christopher Janak
BOSE MCKINNEY & EVANS, LLP
jjanak@boselaw.com

Peter Campbell King
CLINE KING & KING PC
pck@lawdogs.org

Harmony A. Mappes
FAEGRE BAKER DANIELS LLP
harmony.mappes@faegrebd.com

Jason Rauch
FAEGRE BAKER DANIELS LLP
jason.rauch@faegrebd.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com